IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ANTONIO RIVAS, | : | CIVIL ACTION NO. **1:CV-07-0795** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOSEPH PIAZZA, et al., | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

______On April 30, 2007, Petitioner, Luis Antonio Rivas, an inmate at the State Correctional Institution at Coal Township, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the required filing fee.

In his habeas petition, Petitioner challenges his November 7, 2002 conviction by jury for possession with intent to deliver heroin, possession of heroin, and possession of a small amount of marijuana in the York County Court of Common Pleas ("CCP"). The CCP entered its judgment of sentence of 5 to 17 years imprisonment on February 19, 2003. Petitioner raises the following grounds: (1) Trial court committed reversible error by refusing to suppress drugs seized from Petitioner, who was not under arrest and only subject to a frisk for weapons; (2) Trial court violated Petitioner's right to counsel by refusing to grant a request for new counsel due to irreconcilable differences; and (3) Petitioner's due process rights were violated in absence of the suppression court's release of findings of fact pursuant to Pa.R.C.P. 581(I). (Doc. 1, pp. 6-9).

Before serving the Petition on Respondents and addressing the Petitioner's claims, on May 3, 2007, we issued an Order and directed the Petitioner to submit to the Court, within ten (10) days, copies of all of his state court appeals and the state court decisions, opinions, and orders regarding both his direct and collateral appeals, along with the filing dates thereof.[1] (Doc. 3). The Court indicated that it would then determine if the Petitioner's habeas petition was timely filed under the AEDPA[2] and if his instant claims were exhausted in the state courts.[3]

---

[1]The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is November 25, 2004, when Petitioner's judgment of conviction became final, 90 days after the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal regarding his direct appeal of his judgment of sentence on August 27, 2004. *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). We note that in light of *Lawrence v. Florida*, __U.S.__, 127 S. Ct. 1079 (2007), we have allotted for the 90 days in which Petitioner could have filed a petition for writ of *certiorari* to the U.S. Supreme Court regarding his direct appeal of his judgment of sentence. Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra*.

[2]The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard. *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005); *Day v. McDonough*, 126 S.Ct. 1675, 1683 (2006)(holding "district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition").

We thus gave Petitioner Rivas notice and an opportunity to be heard regarding whether his habeas petition was timely under the AEDPA.

[3]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538

On May 4, 2007, Petitioner sent the Clerk of Court a letter requesting 60 days to file a brief in support of his claims raised in his habeas petition. (Doc. 3). Subsequently, Petitioner sent the Clerk of Court another letter filed on May 16, 2007, again requesting 60 days to file a brief in support of his habeas claims. (Doc. 5). Petitioner then filed, on May 21, 2007, a Motion for an Extension of Time to file a Memorandum in support of his habeas claims. (Doc. 6). Petitioner's requests for extensions of time to file a brief in support of the merits of his habeas claims have not been addressed, since the Court issued the May 3, 2007 Order to first determine if this habeas petition is timely. Indeed, if the habeas petition is found to be timely, Petitioner will be given ample time to file a brief regarding the merits of his habeas claims, as well as time to file a traverse to Respondents' brief. Thus, we find Petitioner's requests for extensions of time to file a brief in support of his habeas claims to be premature at this point.

In any event, in compliance with the Court's May 3, 2007 Order, Petitioner submitted his state court records on May 21, 2007. (Doc. 7). Petitioner has submitted copies of his state court records, including state court orders and decisions as directed. (Doc. 7). We have noted that the recent Supreme Court case of *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007), is being considered herein to determine if Petitioner's habeas petition was timely filed.[4]

---

U.S. 1002 (2003).

[4]We note that in the case of *Barrett v. Ortiz*, 2007 WL 893175, * 3, n. 4 (D.N.J.), the Court noted:

> FN4. In *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the Supreme Court held that 28 U.S.C. § 2244(d)(2), which tolls the Antiterrorism and Effective Death Penalty Act's one-year statue of limitations for seeking federal habeas corpus relief while a "properly filed

Thus, by the Court's Order, we sought to determine the timeliness of Petitioner's present Habeas Corpus Petition, and to determine if the one-year statute of limitation ran for the time period between the date his judgment of conviction became final (November 25, 2004) to the date of the filing of the present habeas petition on April 30, 2007. 28 U.S.C. § 2244(d)(2).[5]

The Court's preliminary review of the habeas petition reveals that on August 27, 2004, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal regarding his direct appeal of his judgment of sentence, which was affirmed by the Pennsylvania Superior Court on March 1, 2004. (Doc. 1, pp. 2-3 and Doc. 7, attached Orders). Petitioner undisputedly did not file a Petition for Writ of *Certiorari* with the United States Supreme Court. (Doc. 1, p. 4). Thus, we find that Petitioner's judgment of sentence became final on November 25, 2004. *See Barrett v. Ortiz*, 2007 WL 893175, * 3, n. 4 (D.N.J.).

---

> application for State post-conviction relief or other collateral review is pending, does *not* toll the statute of limitations during the pendency of the inmate's petition for certiorari seeking review of the denial of State post-conviction relief. This decision did not change the well-established rule that a conviction does not become final until the period for filing a petition for certiorari with the United States Supreme Court expires.

We also note that the AEDPA statute of limitations is tolled for the 90-day period in which a petitioner can file a petition for *certiorari* with the United States Supreme Court regarding his direct appeal, but it is not tolled if petitioner files a petition for *certiorari* seeking review of his state court collateral appeal (*i.e.,* in Pennsylvania, his PCRA petition).

[5]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

Accordingly, Petitioner's judgment of sentence became final on November 25, 2004, and Petitioner's AEDPA statute of limitations ("SOL") started to run on November 26, 2004. Petitioner's SOL ran from November 25, 2004, until March 14, 2005 (one day before Petitioner filed his Post Conviction Relief Act ("PCRA") petition with the CCP on March 15, 2005), since Petitioner had no properly filed state court appeals, either direct or collateral, pending during this time. Thus, 108 days on Petitioner's SOL ran up to the filing of his PCRA petition.[6] Petitioner's SOL was statutorily tolled on March 15, 2005, when he timely filed his PCRA petition with the CCP, and it was tolled until it was denied by the Pennsylvania Superior Court on June 19, 2006. (Doc. 1, p. 5).[7] Petitioner's SOL began to run again from June 20, 2006 until April 30, 2007, since he

[6]We take judicial notice that February 2005 was not a leap year and had 28 days.

[7]As stated, Petitioner filed an appeal of the CCP's April 28, 2005 denial of his PCRA Petition with the Pennsylvania Superior Court on September 19, 2005. Petitioner's appeal to the Pennsylvania Superior Court of the CCP's denial of his PCRA petition was not timely filed under Pa.R.A.P. 903, since it was due within 30 days of April 28, 2005. Petitioner did not file his appeal until September 19, 2005. While Petitioner does not state if the Pennsylvania Superior Court denied his appeal of his PCRA petition as untimely on June 19, 2005 (Doc. 1, p. 5), "a federal district court must defer to a Pennsylvania court's determination of whether [post conviction] petition is timely under state law." *Hernandez v. Folino*, 2006 WL 2136084, *3 (E.D. Pa. (citation omitted). Thus, since Petitioner did not have a properly filed collateral appeal pending from May 28, 2005 (30 days after the CCP's denial of Petitioner's PCRA petition) to September 18, 2005 (one day before Petitioner filed his appeal of the denial of his PCRA petition to the Superior Court), Petitioner's AEDPA SOL would have run an additional 113 days during this time. Further, Petitioner's September 19, 2005 appeal to the Superior Court would not toll his SOL because it was not properly filed under Pennsylvania law. Therefore, Petitioner's SOL would have run from April 29, 2005 until April 30, 2007, when he filed his habeas petition, since he did not have a properly filed appeal pending during this time. In any event, even if we toll the entire time period from the filing of Petitioner's PCRA petition (March 15, 2005) until the Superior Court's June 19, 2006 decision, Petitioner's habeas petition is still untimely.

did not have any state court appeals pending during this time. This is an additional 10 months and 10 days that ran on Petitioner's SOL.

There was no appeal filed on behalf of Petitioner to the Pennsylvania Supreme Court *via* a Petition for Allowance of Appeal with respect to the denial of his PCRA Petition. (Doc. 1, p. 5). Thus, Petitioner's SOL ran again on June 20, 2006 to April 30, 2007, when he filed his § 2254 habeas petition. Thus, an additional 313 days ran on Petitioner's SOL.[8] By our calculation, 421 days ran in total on Petitioner's AEDPA SOL prior to his filing his habeas petition.[9]

Petitioner states that he did not become aware of the Superior Court's Order of June 19, 2006 until August 23, 2006 since his appointed PCRA counsel was disbarred on June 12, 2006, and his new counsel did not inform him of the June 19, 2006 Order. (Doc. 1, p. 5). Petitioner has

---

[8]As noted above, we do not read *Lawrence* as tolling the SOL during the 90-day period in which Petitioner could have filed a petition for writ of *certiorari* with the United States Supreme Court regarding the dismissal of his PCRA petition.

[9]We calculate Petitioner's SOL timeline as follows:

June 20, 2006 to April 30, 2007:

| | |
|---|---|
| June 20 - June 30, 2006 | 10 days |
| July 2006 | 31 days |
| August 2006 | 31 days |
| September 2006 | 30 days |
| October 2006 | 31 days |
| November 2006 | 30 days |
| December 2006 | 31 days |
| January 2007 | 31 days |
| February 2007 | 28 days |
| March 2007 | 31 days |
| April 1 to April 29, 2007 | 29 days |
| TOTAL | 313 days |

attached to his state court records he provided to the Court with Exhibits B and C to show that on September 20, 2005, his PCRA counsel wrote him a letter stating that he filed a brief in support of the June 19, 2005 appeal of the denial of his PCRA petition to the Pennsylvania Superior Court, and that his PCRA counsel was disbarred on May 7, 2006. (Doc. 7). Petitioner's Exhibit D is a copy of the envelope Petitioner received on August 23, 2006, which contained a copy of the Superior Court's June 19, 2006 Order. (*Id*.). However, even if Petitioner did not know of the Superior Court's June 19, 2006 Order until August 23, 2006, he does not explain the inordinate delay from August 23, 2006 until April 30, 2007, when he filed his habeas petition. Petitioner clearly knew of his claims during this time period. Petitioner could have filed his habeas petition timely even after he knew of the Superior Court's Order on August 23, 2006. He did not have to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court with respect to the denial of his PCRA petition to exhaust his claims. In fact, Petitioner must have known this since he filed his present habeas petition without having filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court regarding the denial of his PCRA Petition.

In his filing of state court records, Petitioner's Exhibit E is a copy of his prison cash slip which he states verifies that his habeas petition was placed in the prison mail box on April 17, 2007. (Doc. 7, Ex. E). This cash slip is dated April 17, 2007, and is stamped by prison staff as received on April 19, 2007. If we use the April 19, 2007 date as the filing date for Petitioner's habeas petition under the prison mailbox rule, and deduct 11 days off of the SOL computation, from the 421 days that had already run on Petitioner's SOL before he filed his habeas petition with this

Court, his habeas petition is still untimely.[10] Thus, giving Petitioner every benefit of the doubt and deducting all of the time periods he has indicated he is entitled to equitable tolling for, Petitioner's SOL still expired before he filed his habeas petition.

Accordingly, we find that Petitioner's one-year AEDPA statute of limitations ("SOL") has expired and shall recommended that this Habeas Petition be dismissed as untimely. Petitioner contends that his habeas petition was timely simply because he did not get notice of the Superior Court's June 19, 2006 Order until August 23, 2006, and because he submitted his cash slip to the prison for his habeas filing fee on April 17, 2007, and it was received on April 19, 2007. Petitioner correctly states that his SOL started on November 26, 2004, one day after his judgment of conviction became final. (Doc. 1, p. 14). Petitioner states that on March 15, 2006 he filed a PCRA petition. Petitioner seems to acknowledge that his SOL ran from November 26, 2004 to March 14, 2005, *i.e.* 108 days. Petitioner then concludes that his SOL was tolled for the entire time period from March 15, 2005 to August 23, 2006 when he received a copy of the Superior Court's Order of June 19, 2006. (*Id*.). Specifically, Petitioner states as follows:

> On 8/27/04, pursuant to petitioner's Direct Appeal, an Allowance of Appeal to the Pa. Supreme Court was denied. A petition for certiorari in the united States Supreme Court was not filed. On 11/26/04, Petitioner's one year period for filing a Habeas Corpus began. On 3/15/05, petitioner filed a PCRA. Relief was denied by the PCRA court, and on 9/19/05, an appeal was filed with the Superior Court. Petitioner was assured by his court appointed PCRA attorney that if the Superior Court denied relief, an appeal would be filed on his behalf to the Supreme Court. (see attached letter) Unbeknownst to petitioner, his PCRA attorney was bisbarred (sic) on 6/12/06, and new

[10]As discussed below, we shall use April 19, 2007, as the filing date of Petitioner's habeas corpus petition, and our calculations are based on this filing date.

> counsel was appointed. The current counsel did not, and has not to this day, contacted petitioner. On 6/19/06, the Superior Court denied relief regarding petitioner's PCRA appeal.
>
> During this time period, petitioner was completely in the dark as to the status of his case. Puzzled as to why he had yet to hear anything, he contacted the York County Clerk of Courts. The Clerk responded on 8/23/06, by sending petitioner a docketing statement informing him that new counsel had been appointed and that his appeal had been denied by the Superior Court over two months prior. Petitioner holds that his one year limitation period should have restarted on the date he received that letter, 8/23/06. Accordingly, this Petition for Habeas Corpus Relief is filed within the one year statute of limitations.

(Doc. 1, p. 14).

However, as stated, 302 days ran on Petitioner's SOL from June 20, 2006 until April 19, 2007, *i.e.,* from the time the Superior Court denied Petitioner's appeal of his PCRA petition to the time we deem Petitioner as having filed his habeas petition with this Court. Petitioner had no appeals pending during the entire time period, either direct or collateral. As stated, we have not counted the time from March 15, 2005 until June 19, 2006, when Petitioner's PCRA Petition was pending with the state courts until the Superior Court's Order denying his appeal of his PCRA Petition.[11] Thus, we disagree with Petitioner that his SOL then started to run again on August 23, 2006. We do not find that Petitioner is entitled to equitable tolling for the entire time from June 19, 2006 to August 23, 2006. In order to receive equitable tolling to render his habeas petition as timely, Petitioner must show that, after he became aware of the June 19, 2006 Superior Court's

[11]As noted above, Petitioner's appeal of the denial of his PCRA petition to the Superior Court does not appear to have been timely filed under Pennsylvania law. Thus, if this appeal was not properly filed, it would not statutorily toll Petitioner's AEDPA SOL.

Order, he had to use reasonable diligence to file his habeas petition timely. Here, Petitioner waited from August 23, 2006 until April 19, 2007 to file his habeas petition. Petitioner offers no excuse for this inordinate delay. Petitioner could have still filed his petition timely after he received his copy of the June 19, 2006 Order on August 23, 2006, but he did not.

As stated, deducting all of the time we find was statutorily tolled and equitably tolled, Petitioner's habeas petition was still untimely.

Petitioner fails to account for all the time that expired on his SOL between the time after his judgment of sentence became final on November 25, 2004, when he had no state court appeals whatsoever pending, until he filed his PCRA petition (108 days), and the time after his PCRA petition was denied by the Pennsylvania Superior Court's June 19, 2006 Order until he filed his habeas petition with this Court, April 19, 2007 (302 days).

We find that the statute of limitations has expired. As mentioned, Petitioner was given an opportunity to address the timeliness issue. Therefore, the Habeas Petition is ripe for the Court's consideration as to whether it is timely.

Prior to considering the merits of Petitioner's habeas claims, we shall review the petition and exhibits submitted by Petitioner (Docs. 1 & 7), which we find to be sufficient, in order to determine if Petitioner's Habeas Petition is timely under the AEDPA. If the Habeas Petition is not timely, we see no need to serve Petitioner's Habeas Petition on Respondents for their response regarding the merits of his underlying habeas claim.[12] We now give preliminary consideration to

---

[12]As discussed below, we find that Petitioner's one-year AEDPA statute of limitations ("SOL") expired in this case prior to the filing of the instant Habeas Petition.

the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, and we find that the SOL has expired.

**II. State Factual and Procedural History.**

Since the Pennsylvania Superior Court, in its March 1, 2004 Memorandum affirming Petitioner's judgment of sentence with respect to his direct appeal, has detailed the factual history of Petitioner's case, we shall quote it as follows:

> The relevant facts, taken from this court's memorandum affirming appellants conviction, follow:
>
> > At approximately 1:00 p.m. on January 11, 2002, officers of the York County Drug Task Force executed a search warrant at 629 Vander Avenue, York. Marijuana, a firearm, a scale, and cash were discovered during the execution of the warrant, and Marlin Diaz, who was present at that location, was arrested and placed in the living room. Spring Garden Township Police Officer Jack L. Graybill, II, participated in the search. At approximately 3:15 p.m., he was standing next to the kitchen table verifying the amount of money seized during the search. He noticed a car drive up and park outside. Appellant and another male exited the car and approached the house. Appellant opened the screen door located just outside the kitchen and placed his face against a glass window inside the door. Officer Graybill went to the door, opened it, and approached the individual standing behind Appellant.
> >
> > York Detective Blake McBride also was in the kitchen and saw Appellant press his face against the glass of the inside door. When Officer Graybill went past Appellant to speak with the male accompanying him, Appellant "walked in, looked down through the middle room into the living room where [Diaz] was

> secured on the couch and began speaking in Spanish to [Diaz]." N.T. Suppression Hearing, 4/30/02, at 27.
>
> Detective McBride, unable to understand what the two men were saying and fearing for his safety, immediately started to conduct a pat-down search of Appellant for weapons. At first, Appellant complied, but when Detective McBride approached Appellant's waist, Appellant began to spin around. Detective McBride "felt something hard . . . in the waist area." *Id.* at 28. Appellant began to struggle and other officers had to assist Detective McBride in subduing Appellant. During the struggle, Detective McBride was not able to tell if the hard object was a weapon. It took three officers fifteen to twenty seconds to restrain Appellant. Detective McBride retrieved the hard object from Appellant's waistband while another officer found marijuana in a pocket. Appellant was placed in handcuffs. The hard object was a key holder. Aware that the holder cold contain a weapon, Detective McBride opened it. Detective McBride's (sic) explained that in his experience, the holder could have contained a "knife, a razor blade." *Id.* at 30. In this case, the keyholder contained packages of heroin.
>
> After Appellant's suppression motion was denied, he proceeded to a jury trial, where he was convicted of possession of heroin with intent to deliver and possession of a small amount of marijuana. Based on the fact that he had three prior felony drug convictions, Appellant was sentenced to five to seventeen years imprisonment. This appeal followed.

(Doc. 7, Ex. Pennsylvania Superior Court, March 1, 2004 Memorandum, pp. 1-3).

**III. Discussion.**

The Superior Court affirmed the Petitioner's judgment of sentence on March 1, 2004. Petitioner then timely filed a Petition for Allowance of Appeal with the Pennsylvania Supreme

Court. On August 27, 2004, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. (Doc. 1, p.14). Petitioner did not file a writ of *certiorari* with the United States Supreme Court. Thus, as noted above, and as Petitioner recognizes, Petitioner's judgment of sentence became final on November 25, 2004.[13] We have added the 90 days in which Petitioner could have filed a writ of *certiorari* with the United States Supreme Court regarding his direct appeal of his judgement of conviction. *See Payne v. Grace*, 2007 WL 709307, * 2 (W.D. Pa.)(citing *Swartz v. Meyers*, 204 F. 3d 417, 419 (3d Cir. 2000). Petitioner had no state court appeal, either direct or collateral, pending from November 26, 2004 through March 14, 2005. As stated, 108 days on Petitioner's SOL ran during this time period.

The records indicate that Petitioner filed another state court appeal, *i.e.* a collateral appeal *via* a PCRA Petition, on March 15, 2005, with respect to his challenged sentence for his 2002 heroin possession with intent to deliver and related convictions. Petitioner's PCRA Petition was timely filed. Therefore, since Petitioner had properly filed another state court appeal on March 15, 2005, after his conviction became final on November 25, 2004, there was a further statutory tolling of Petitioner's AEDPA SOL regarding his 2002 convictions and 2003 sentence. *See Shipe,*

---

[13]As this Court stated in *Shipe v. Erickson*, 2005 WL 2614932, * 1 (M.D. Pa.),

> "Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the direct appeal is concluded. *See Harris v. Hutchinson,* 209 F.3d 325, 327 (4th Cir.2000) ("[T]he AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.") (emphasis in original)."

*supra* at *2. As stated, we find no tolling of his SOL for the period of November 26, 2004 through March 14, 2005, since Petitioner had no state court appeals pending. This amounted to 108 days that had already run on Petitioner's SOL.

On April 28, 2005, the CCP, sitting as the PCRA Court, dismissed Petitioner's PCRA Petition. (Doc. 1, p. 4). Petitioner filed an untimely appeal with the Pennsylvania Superior Court on September 19, 2005, with respect to the denial of his PCRA Petition. Petitioner's dismissal of his PCRA petition was affirmed by the Superior Court on June 19, 2006. (*Id*., p. 5). Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. We find that Petitioner's SOL ran 302 days from June 20, 2006 to April 19, 2007, since Petitioner had no state court appeals pending during this time. Petitioner argues that his SOL should be equitably tolled from June 19, 2006 through August 23, 2006, when he received notice of the Superior Court's affirmance of the CCP Court's dismissal of his PCRA Petition. However, Petitioner must show that he used reasonable diligence after the extraordinary circumstances which would justify equitable tolling. Petitioner's records show that he received a May 7, 2006 notice of the suspension of his PCRA counsel. (Doc. 7, Ex. C). Petitioner offers no explanation as to why he then waited so long to contact the CCP Clerk of Court to inquire about the status of his PCRA appeal to the Superior Court, *i.e.* from May 7, 2006 to August 2006. Petitioner received a response from the Clerk of Court on August 23, 2006. Petitioner could have acted sooner to find out the status of his PCRA appeal since he was aware of his counsel's suspension by the May 7, 2006 notice. Petitioner could have contacted the Superior Court to request a copy of any decision entered in his PCRA appeal after he became aware that his counsel was suspended.

Petitioner's SOL began to run again on June 20, 2006. At this time, Petitioner had 257 days left on his SOL to timely file his federal habeas petition. Petitioner offers no reason as to why he delayed filing his habeas petition until April 19, 2007, even though he did not receive the Superior Court's Order until August 23, 2006. Petitioner's federal habeas petition was due within 257 days of June 20, 2006. Thus, by our calculation, Petitioner's April 19, 2007 habeas petition filed with this Court was filed well after his AEDPA SOL had expired.

We disagree with Petitioner (Doc. 1, p. 14), and find that equitable tolling does not require an additional 65 days to be afforded Petitioner after his Appeal with respect to his PCRA Petition was denied by the Pennsylvania Superior Court on June 19, 2006 until August 23, 2006. That is to say, Petitioner argues that he is entitled to an additional equitable tolling of 65 days after the June 19, 2006 Order of the Pennsylvania Superior Court until he received a copy of this Order on August 23, 2006. However, since Petitioner received notice by the May 7, 2006 letter that his PCRA counsel was suspended, and since he waited from August 23 2006 to April 19, 2007 to file his habeas petition, we do not find if Petitioner should given an additional 65 days of equitable tolling after the June 19, 2006 Order. We find Petitioner could have still timely filed his habeas petition after he received a copy of the June 19, 2006 Order on August 23, 2006. We also find that Petitioner has not shown due diligence for taking no action to find out the status of his PCRA appeal from the date of the May 7, 2006 notice of suspension from his counsel until he wrote the CCP Clerk of Court and received the August 23, 2006 letter back.

Petitioner correctly contends that his SOL began to run for present purposes 90 days after the Pennsylvania Supreme Court's August 27, 2004 Order. (Doc. 1, p. 14). Petitioner states that

his SOL began on November 26, 2004 and ran until March 15, 2005, when he filed his PCRA Petition. Petitioner recognizes that his SOL was statutorily tolled from March 15, 2005 until June 19, 2006, when the Superior Court affirmed the denial of his PCRA Petition. However, Petitioner states that he is entitled to equitable tolling from June 19, 2006 to August 23, 2006 due to the failure of his PCRA counsel to advise him of the June 19, 2006 Order. Petitioner states that since his habeas petition was filed within one year of August 23, 2006, after deducting the 108 days from November 25, 2004 to Mach 14, 2005, it was timely under the AEDPA. (*Id*.). Again, Petitioner offers no reason for his delay from the time he received his PCRA counsel's May 7, 2006 notice of his suspension until he contacted the CCP Clerk of Court sometime in August 2006. More importantly, Petitioner offers no explanation for the delay from August 23, 2006 until April 19, 2007, when he could have timely filed his habeas petition and knew of his claims during this time period.

Thus, we find that Petitioner's judgment of sentence became final on November 25, 2004, 90 days after the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal regarding his judgment of sentence. We have found that Petitioner's SOL ran 108 days from November 26, 2004 to March 14, 2005. Petitioner timely filed his PCRA Petition on March 15, 2005, and it was finally denied on June 19, 2006. We have statutorily tolled Petitioner's AEDPA SOL for this time period, even though he did not timely file his appeal of the CCP's April 28, 2005 Order to the Superior Court. The SOL began to run again on June 20, 2006, and it ran uninterrupted until April 19, 2007, when Petitioner's federal habeas petition was received by prison staff for mailing. There is no further statutory tolling of Petitioner's SOL, since he did not have any

further appeals properly filed challenging his judgment of sentence pending in the state courts. Thus, his SOL ran for an additional 302 days. In total, 410 days ran before Petitioner filed his habeas petition. It is well out of time.

We note that the exclusive means by which criminal Defendants in Pennsylvania can obtain collateral relief is a PCRA Petition. The Court in *McCabe v. Com. of PA*, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006), stated:

> The Pennsylvania Post-Conviction Relief Act (PCRA) provides for "an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. The PCRA is the exclusive means in Pennsylvania by which defendants may obtain collateral relief. *Id.*
>
> To be eligible under the PCRA, a petition must be filed within one year of the conclusion fo direct review, or at the expiration of the time period for seeking such review. 42 Pa.C.S. § 9545.

The *McCabe* Court also stated:

> The Supreme Court of Pennsylvania has found that the PCRA's time limitations are jurisdictional, meaning they "go to a court's right or competency to adjudicate a controversy." *Commonwealth v. Cruz*, 578 Pa. 325, 335, 852 A.2d 287 (Pa. 2004) ("the time for filing a PCRA petition can be extended only to the extent that the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar"); *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999). For this reason, a court may only grant an extension to the time limitation pursuant to the statutory exceptions; equitable tolling may not be applied to petitions brought under the PCRA. *Id.*

*Id*. at 696.

We have found that Petitioner is entitled to statutory tolling for the entire period that his state court appeals, both direct and collateral, were pending. Petitioner argues that he is also entitled to equitable tolling for the entire time from June 19, 2006 until August 23, 2006. However, he neglects the fact that he does not meet the criteria for equitable tolling of his SOL until he received a copy of the June 19, 2006 Order. Such a finding of equitable tolling is not supported by the case law of this Court or of the Third Circuit.

Based on the Petitioner's undisputed state court record, we find that Petitioner's one-year AEDPA statute of limitations expired before he filed his instant Habeas Petition.

As stated, Petitioner did not file his 2254 habeas petition until April 19, 2007, if the mailbox rule is used. We find that Petitioner's AEDPA statute of limitations expired. Thus, we find that 410 days ran before Petitioner filed the instant Habeas Petition and that Petitioner's one-year statute of limitations expired.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996), which modified the procedures for habeas corpus proceedings in federal court. As stated, the AEDPA revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996). Title I of the Antiterrorism Act consists of the Habeas Corpus Reform Amendments (1996 Amendments). The 1996 amendments apply to cases pending on or after the date of enactment.

The amended provisions of § 2244(d)(1) impose additional limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations. As noted above,

there are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is the date Petitioner's conviction became final on November 25, 2004 (*i.e.* 90 days when Petitioner could have filed a writ of *certiorari* with the United States Supreme Court request to file a direct appeal of the Pennsylvania Supreme Court's Order of August 27, 2004, denying his Petition for Allowance of Appeal), since it was after the effective date of the AEDPA. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Douglas, supra,* at *2; *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). As noted above, any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra*. The Petitioner's judgment became final on November 25, 2004, and his SOL started to run on November 26, 2004. As stated above, Petitioner timely filed a collateral appeal on March 15, 2005, his PCRA Petition, *i.e.* a Post Conviction Relief Act ("PCRA") Petition pursuant to 42 Pa.C.S.A. § 9541, *et seq*. *See* 42 Pa.C.S.A. §9545 (Petitioner had one year after the conclusion of his direct review of his judgment of sentence to file a PCRA Petition).[14]

As the Petitioner's judgment became final after the enactment of the AEDPA, he had one year from November 25, 2004, to file his petition for writ of habeas corpus in federal court. *See Burns, supra; Douglas, supra*. The SOL ran from November 26, 2004 until Petitioner properly filed his PCRA Petition on March 15, 2005. However, the SOL was statutorily tolled while his properly filed PCRA Petition was pending, *i.e.* from March 15, 2005, to June 19, 2006. Thus, the statute

[14]As we have indicated, the PCRA is the only collateral relief available to criminal Defendants in Pennsylvania. *See* 42 Pa.C.S.A. § 9542; *McCabe, supra*.

began to run again on June 19, 2006, and it ran uninterrupted until April 19, 2007, since Petitioner did not file any further state court appeals with respect to his judgment of sentence (*i.e.,* it ran for another 302 days in addition to the 108 days that had already run before Petitioner filed his PCRA Petition).[15]

Thus, the statute of limitations expired long before Petitioner filed his instant Habeas Petition. Therefore, the statute of limitations ran for well over one year (*i.e.* 410 days) before the present habeas filing. Consequently, the present Habeas Petition is out of time.

In this case, the Petitioner is clearly out of time, as he did not file his present federal Habeas Corpus Petition until April 19, 2007, well after the expiration of the one-year time period. Accordingly, it will be recommended that the Petition be dismissed as untimely unless the statute of limitations is found to have been equitably tolled.

The Court must now decide if the doctrine of equitable tolling excuses the Petitioner's failure to abide by the time limitations of the AEDPA. The one-year AEDPA filing deadline is subject to equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Merritt v. Blaine*, 326 F. 3d 157 (3d Cir. 2003).[16] *See also Shipe, supra*, at * 3. As the

---

[15]The statute of limitations ran continuously from November 26, 2006 until March 14, 2006, since no properly filed appeal was pending during this time.

[16]In *Merritt*, 326 F. 3d at 168, the Third Circuit stated:

> This court has held that the AEDPA statute of limitations is subject to the doctrine of equitable tolling. *Fahy,* 240 F.3d at 244. Equitable tolling is available " 'only when the principle of equity would make the rigid application of a limitation period unfair.' " *Id.* (quoting *Miller v. New Jersey Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)). In *Fahy,* we restated the two general requirements for equitable tolling:

Court in *Musgrove v. Filion*, 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002), stated, "[t]he doctrine of equitable tolling is proper only in the 'rare and exceptional circumstances.' To invoke the doctrine, a petitioner must show that:

> (1) 'extraordinary circumstances prevented him from filing his petition on time;' and (2) he 'acted with reasonable diligence throughout the period he seeks to toll'." (Internal citations omitted).

We must look to the dismissal of the instant Habeas Corpus Petition to see if the equitable tolling doctrine should be invoked in this case. *Musgrove, supra*.

In this case, the Petitioner is clearly out of time, as discussed, since he did not file his present federal Habeas Corpus Petition until April 19, 2007, well after the expiration of the one-year AEDPA statute of limitations period. The Petitioner failed to timely file his present Petition.

We do not find extraordinary circumstances in this case which prevented the Petitioner from filing a timely habeas petition. Petitioner does not show sufficient reason for the 108-day delay from November 26, 2004 until March 15, 2005 when he filed his PCRA Petition. Nor does Petitioner show any reason for the delay of 302 days from June 19, 2006 (final dismissal order of PCRA Petition) until April 19, 2007. Petitioner had no appeal pending at this time. Petitioner argues that his SOL should be equitably tolled from June 19, 2006 to August 23, 2006 for an additional 65 days. As stated, Petitioner states that due to the suspension of his PCRA counsel, he did not realize until August 23, 2006 that his appeal of his PCRA Petition was dismissed by the

---

> (1) that "the petitioner has in some extraordinary way been prevented from asserting his or her rights;" and (2) that the petitioner has shown that "he or she exercised reasonable diligence in investigating and bringing [the] claims." *Id.*

Superior Court. However, as discussed, Petitioner received the notice of suspension from his PCRA counsel dated May 7, 2006, prior to the Superior Court's June 19, 2006 Order, and he could have certainly advised the Superior Court to send him notice of any order that it issued. Also, Petitioner offers no reason as to why he waited so long to contact the CCP Clerk of Court to ask about the status of his PCRA appeal when he previously knew of his counsel's suspension for some time. Also, as discussed, Petitioner then inexplicably waited from August 23, 2006 until he filed this Habeas Petition on April 19, 2007. This inordinate delay, as discussed, rendered Petitioner's Habeas filing well beyond the one-year statute of limitations. Petitioner knew of his claims after he received the August 23, 2006 letter, and he could have still timely filed his habeas petition. However, Petitioner waited until April 19, 2007, to file his habeas petition, and he offers no explanation for this delay. Petitioner has not proffered any acceptable reason for the stated delay in filing the present Habeas Petition. We do not find that Petitioner has in some way been extraordinarily prevented from asserting his claims or that he used reasonable diligence in bringing his claims.

As in *Shipe, supra,* we find no evidence that our Petitioner was actively mislead by the state. Petitioner was well-aware of his claims challenging his drug convictions when he filed his appeal with the Superior Court regarding the denial of his PCRA Petition by the CCP. (Doc. 7, 3-1-04 Memorandum of Superior Court). Petitioner was aware of his claims when he filed his appeal of his judgment of sentence to the Superior Court. Petitioner offers no acceptable explanation for the 108-day delay that occurred after his judgment of conviction became final until he filed his PCRA petition, and for the 302-day delay after his PCRA Petition was dismissed on June 19, 2006, until

April 19, 2007, when he untimely filed his habeas petition with this Court. Nor do we find that the Petitioner acted with reasonable diligence between the two stated time periods, and particularly between the time of June 19, 2006 and 302 days thereafter, *i.e.*, the time when Petitioner could have filed his habeas petition with this Court within the AEDPA statute of limitations.

Further, as stated, there is simply no claim by Petitioner that he was actively misled or that he timely asserted his rights in the wrong forum. In *Hubley v. Superintendent, SCI Camp Hill*, 57 Fed. Appx. 927, 2003 WL 77260 at * 6 (3d Cir.), the Court stated that:

> "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Id.* (Quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)). The "petitioner must 'show that he or she exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient." *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002) (quoting *Miller*, 145 F.3d at 618-19 (internal quotations omitted)).

Petitioner pursued his only available means of collateral relief with respect to his drug possession and related convictions, *i.e.* his PCRA Petition, and there is no evidence that he was actively misled by the state into erroneously believing that he had one year after his PCRA petition was finally denied to file his federal habeas petition. Based on the above reasons, we find that the Petitioner has failed to show extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair." *Miller,* 145 F. 3d at 618. Thus, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

The Court in *Barrett, supra*, 2007 WL 893175, * 3, stated:

> "a litigant seeking equitable tolling [would] bear [ ] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCva v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. [FN6] *See id.; see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones,* 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, " [i]f the person seeking equitable tolling ha not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefor did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The *Barrett* Court noted:

> FN6. A claim of "ineffective assistance of counsel" does not provide a basis for equitable tolling. *See Pace*, 511 U.S. at 419, n. 9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at 'all levels of representation."').

*Id.*, * 3, n. 6.[17]

Here, our Petitioner claims that, due to his PCRA counsel's ineffectiveness, he did not get notice of the Superior Court's June 19, 2006 Order. However, his records show that he did get notice, dated May 7, 2006, of his counsel's suspension, and that he could have checked with the court regarding the status of this PCRA petition appeal well before he did. Even if extraordinary circumstances do exist in our case, Petitioner certainly did not exercise reasonable diligence after these circumstances, since he waited from August 23, 2006 until April 19, 2007 to file his habeas petition when he clearly knew of his habeas claims during this time. Thus, we find that the causal link between the extraordinary circumstances and the failure to timely file was broken, and that these circumstances did not prevent Petitioner from timely filing his habeas petition before April 19, 2007.

**IV. Recommendation**.

Based on the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed, as it is untimely pursuant to 28 U.S.C. §2244(d)(1)(A).

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 8, 2007**

[17]While the *Barrett* case is a New Jersey District Court case, we cite it with respect to its discussion of Third Circuit law regarding equitable tolling.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ANTONIO RIVAS, | : | CIVIL ACTION NO. **1:CV-07-0795** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOSEPH PIAZZA, et al., | : | |
| | : | |
| Respondents | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 8, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 8, 2007**